

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00086-CR

Joe Anthony **VEGA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2022CR6178
Honorable Melisa C. Skinner, Judge Presiding

Opinion by: Lori I. Valenzuela, Justice

Sitting: Beth Watkins, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: December 13, 2023

AFFIRMED

Appellant Joe Anthony Vega was indicted on two counts of possession of a controlled substance. A jury found Vega guilty of one count, and the trial court assessed punishment at eight years' confinement. On appeal, Vega raises two issues: (1) the evidence is insufficient to support the jury verdict; and (2) the trial court erred when it failed to require the State to authenticate a video. We affirm.

**BACKGROUND**

On March 27, 2022, San Antonio Police Officer Jose Portillo saw Vega sitting outside of a vacant property. Portillo had issued Vega a warning for trespassing on the same property the previous day. As Portillo and San Antonio Police Officer Rodney Franklin approached the property, they saw another man—Justin Gleason—with Vega. Portillo also saw a backpack on the left side of Vega, while Gleason was about "five feet" to the right of Vega.

After a brief struggle, Vega was arrested for criminal trespass. Portillo then searched Vega's person, finding no contraband. However, when Portillo searched the backpack, he found a large amount of methamphetamine. Gleason's information was taken, and he was given a trespass warning and released.

Next to the property was a pawn shop with surveillance video cameras pointing towards the property where Vega had been arrested. Portillo went to the pawn shop and reviewed the surveillance video, which showed Vega walking to the property with the backpack. Portillo recorded the pawn shop surveillance video with his body-worn camera.

Vega was indicted on one count of possession of a controlled substance with an intent to deliver and one count of possession of a controlled substance. His jury trial began on September 26, 2022. Portillo, Franklin, and Vega testified. The jury viewed several video clips from Portillo's body-worn camera—including the recording of the pawn shop surveillance video. The jury found Vega guilty of one count of possession of a controlled substance, namely: methamphetamine. The trial court sentenced Vega to eight years' confinement in the Texas Department of Corrections.

On appeal, Vega raises two issues: (1) the evidence is insufficient to support the jury verdict; and (2) the trial court committed reversible error when it failed to require the State to authenticate the pawn shop surveillance video recorded by Portillo's body-worn camera. We first address Vega's evidentiary challenge.

## EVIDENTIARY CHALLENGE

### *Standard of Review*

"A trial judge's decision on the admissibility of evidence is reviewed under an abuse of discretion standard and will not be reversed if it is within the zone of reasonable disagreement." *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). However, "[w]e may not determine whether a trial court erred in the admission of evidence unless error is preserved for our review." *Edwards v. State*, 497 S.W.3d 147, 162 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) "To preserve error, a party must object and state the grounds for the objection with enough specificity to make the trial judge aware of the complaint, unless the specific grounds were apparent from the context." *Thomas v. State*, 505 S.W.3d 916, 924 (Tex. Crim. App. 2016) (citing TEX. R. APP. P. 33.1(a)(1)(A)).

### *Analysis*

Vega argues the trial court committed reversible error by admitting the portion of Portillo's body camera video recorded from the pawn shop surveillance video because the State failed to authenticate the surveillance video. In response, the State argues that Vega did not object to the authenticity of the recorded surveillance video at trial; therefore, Vega failed to preserve his argument. During Portillo's testimony, the following exchange occurred:

| | |
|---|---|
| **State:** | Now, [Portillo], I'm going to show you what's been marked as State's Exhibits 1 and 2. Can you look at those, and tell me if you recognize them? |
| **Portillo:** | This is — yes, these are the videos of my body-worn camera. |
| **State:** | And have you viewed these videos before testifying today? |
| **Portillo:** | Yes, I have. |
| **State:** | And aside from redactions that were made, are they a fair and accurate depiction of the events of March 27th of 2022? |

| | |
|---|---|
| **Portillo:** | Yes, they are. |
| **State:** | Okay. At this time State will tender to defense State's Exhibits 1 and 2 for objection. Permission to publish, Judge? |
| **Trial Court:** | Is there objection? |
| **Defense Counsel:** | I'm sorry? |
| **Trial Court:** | Objection. |
| **Defense Counsel:** | No objection. |
| **Trial Court:** | Admitted. |

Although Vega complains on appeal that the recorded surveillance video lacked proper authentication, he did not raise this objection to the trial court. *See Edwards*, 497 S.W.3d at 163 (holding defendant waived argument to authentication of text messages because he failed to raise a proper objection in the trial court). Accordingly, we hold Vega did not preserve his complaint for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A).

**SUFFICIENCY OF THE EVIDENCE**

*Standard of Review and Applicable Law*

We conduct a sufficiency review by looking at all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 899–902 (Tex. Crim. App. 2010). We resolve any inconsistencies in the testimony in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000). We "defer to the jury's credibility and weight determinations because the jury is the 'sole judge' of witnesses' credibility and the weight to be given testimony." *Garcia v. State*, 367 S.W.3d 683, 687 (Tex. Crim. App. 2012).

To support a conviction for possession of a controlled substance, the evidence must have shown the defendant: (1) knowingly or intentionally possessed the controlled substance; and (2) knew that the substance was contraband. TEX. HEALTH & SAFETY CODE §§ 481.115(a), (d), 481.102(6), 481.002(38). "A person acts intentionally" when "his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX. PENAL CODE § 6.03(a). "A person acts knowingly . . . with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." *Id*. § 6.03(b). "Proof of a culpable mental state almost invariably depends on circumstantial evidence, and a trier of fact can infer the requisite culpable mental state . . . from all the circumstances, including the acts, conduct, and remarks of the accused." *Schoen v. State*, ___S.W.3d___, No. 04-22-00022-CR, 2023 WL 4095251, at \*5 (Tex. App.—San Antonio June 21, 2023, no pet.). Likewise, "possession," which means "actual care, custody, control, or management," can be established through direct or circumstantial evidence that "the defendant's connection with the drug was more than fortuitous." *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); TEX. PENAL CODE § 1.07(39).

The evidence required to establish a defendant knowingly and intentionally possessed a controlled substance is not a mechanical process. *Evans*, 202 S.W.3d at 161. Rather certain factors, when combined with any reasonable inferences, will support a jury finding a defendant guilty beyond a reasonable doubt. *Tate v. State*, 500 S.W.3d 410, 413–14 (Tex. Crim. App. 2016) ("In a sufficiency inquiry, direct evidence and circumstantial evidence are equally probative."); *Schoen*, 2023 WL 4095251, at \*5 ("[E]vidence affirmatively linking the defendant to the contraband suffices for proof that he possessed it knowingly."). Factors to consider include:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when

arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Evans*, 202 S.W.3d at 162 n.12. Although the above factors guide our analysis, "ultimately the inquiry remains that set forth in *Jackson*: Based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Tate*, 500 S.W.3d at 414 (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)).

*Analysis*

Vega argues the evidence is insufficient to support a conviction because he testified: the backpack was not his; the drugs inside were not his; he did not know what was in the backpack; he never put anything in the backpack; and that the backpack belonged to Gleason. Vega further asserts the State failed to present evidence that his fingerprints were on the backpack or any of the other items found in the backpack.

At trial, Portillo testified that he approached Vega on the property and saw a black backpack beside him within arm's reach. Portillo also stated that when he advised Vega he was under arrest, Vega became argumentative and began to resist commands, making it difficult to place him in handcuffs. Portillo further testified that, in addition to the methamphetamine, he found a glass pipe and a butane lighter in the backpack—which are items commonly associated with methamphetamine use. Finally, in viewing the surveillance video, Portillo testified he observed Vega carrying the backpack onto the property and observed Vega placing his hands into the backpack.

Franklin testified that he was with Portillo the day Vega was arrested. Like Portillo, Franklin testified methamphetamine was found in the backpack that was on the left side of Vega, away from Gleason. The testimony from Portillo and Franklin, in addition to the admitted portions of Portillo's body camera, employing *Evans* factors (1), (3), (5), (7), (8), (10), and (12), demonstrate affirmative links and reasonable inference of guilt. *See Evans*, 202 S.W.3d at 162 n.12.

The totality of the cumulative evidence shows: (1) Vega walked with the backpack in his possession and control onto the property; (2) Vega was the only one to exercise control over the backpack for the time in question; and (3) methamphetamine and drug paraphernalia were found in the backpack. In sum, a rational jury could have found the evidence sufficient to sustain a finding beyond a reasonable doubt that Vega intentionally and knowingly possessed methamphetamines. *See Tate*, 500 S.W.3d at 417–18. We overrule this issue.

## CONCLUSION

Having overruled the sole issue preserved for our review, we affirm the judgment of the trial court.

Lori I. Valenzuela, Justice

DO NOT PUBLISH